**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ARTURO ALCANTAR,**

**Plaintiff,**

**v.** **No. 2:22-cv-00164-JB-SCY**

**LIEUTENANT MICHAEL INGRAM, SERGEANT FELICIA VOLDAHL, SERGEANT DUSTIN SULLIVAN, SERGEANT MICHAEL MELTON, SERGEANT ANTHONY PONCE, SERGEANT THOMAS EDEAL, SERGEANT KENNETH DEWEY, and, CORPORAL FRANCO, PERSONALLY AND IN THEIR OFFICIAL CAPACITIES AT THE EDDY COUNTY DETENTION CENTER,**

**Defendants.**

**DEFENDANTS INGRAM, VOLDAHL, MELTON, PONCE, EDEAL, AND DEWEY'S**
**MOTION TO DISMISS IN LIEU OF AN ANSWER**[1]

COME NOW Defendants Ingram, Voldahl, Melton, Ponce, Edeal, Dewey, and Franco[2], by and through counsel, the New Mexico Association of Counties (Brandon Huss and David Roman), and hereby move the Court for an Order dismissing them with prejudice or, in the alternative, granting them qualified immunity from suit.

[1] Movants bring this Motion pursuant to Rule 12(b)(6) and, therefore, reserve the right to state all available affirmative defenses in a subsequent answer or motion, should one become necessary. However, out of an abundance of caution, Movans state the following possible affirmative defenses: Plaintiff has failed to state a claim under which relief may be granted; Plaintiff's claims are barred by res judicata, priority jurisdiction, and collateral estoppel; Movants' actions do not rise to the level of any contractual, statutory, constitutional or other deprivations or breach of Plaintiff's rights; Movants' actions do not shock the conscience of the Court; Plaintiff's claims are barred by estoppel, laches, and the doctrine of extraordinary circumstances; Plaintiff's claims are barred by the doctrines of sovereign, absolute, and/or qualified immunity; Plaintiff's claims are barred as a matter of law; Plaintiff has failed to name a necessary and indispensable party; Plaintiff's claims are barred by the failure to comply with the requirements of the New Mexico Tort Claims Act; and Plaintiff's claims are barred by the statute of limitations. Movants reserve the right to rely on other defenses as they become known during discovery and do not knowingly waive any defenses.

[2] Defendant Bobby Franco joins in this motion and consents to removal; however, Defendant Franco has not been properly served because the summons addressed to him has no first name on it.

## INTRODUCTION AND SUMMARY

Plaintiff has sued eight detention center staff members in their individual and official capacities. In the Complaint, Plaintiff offers no allegations regarding any individual conduct by any of the Movants, the six individuals represented by this office. Instead, the complaint refers to all individual defendants cumulatively, without coming close to the pleading requirements of the Tenth Circuit. Thus, every individual capacity claim must be dismissed. To the extent the individuals are named in their official capacities, Rule 17 and NMSA 4-46-1 require that official capacity claims be brought against the board of county commissioners. Further, an official capacity claim requires an injury caused by conformity with a defective policy. Here, the Complaint makes no assertions regarding injuries caused by constitutionally defective policies. Thus, the official capacity claims fail and must be dismissed. As Plaintiff has failed to state any claim, under which relief could be granted, against the Movants, they respectfully request the Court dismiss them from this action with prejudice. In the alternative, the Movants request qualified immunity from suit on all individual capacity claims against them.

## STANDARDS OF REVIEW FOR MOTIONS TO DISMISS AND FOR QUALIFIED IMMUNITY

Regarding the relevant standards of review, the Movants direct the Court and the other parties to *Gotovac v. Trejo*, 495 F. Supp. 3d 1186 (D.N.M. 2020), aff'd, No. 20-2143, 2021 WL 4891621 (10th Cir. Oct. 20, 2021). This Court recited the full standards of review, in their entirety, there.

## I. THE INDIVIDUAL CAPACITY CLAIMS FAIL TO STATE A PLAUSIBLE CLAIM AGAINST ANY SPECIFIC INDIVIDUAL CAPACITY DEFENDANT FOR ANY CLAIM; THEREFORE, THE INDIVIDUALS ARE ENTITLED TO DISMISSAL.

"It is axiomatic that, to prevail on a damages claim for a constitutional violation pursuant to § 1983, the plaintiff must show that the defendant, acting under color of state law, 'personally participated in the alleged violation.'" *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir.2007) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996)). "The plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins*, 81 F.3d at 994; see also *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir.2010) ("To establish a violation of § 1983 ... the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights.")(further quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir.2010). See also *Wilson v. Montano*, 715 F.3d 847, 854 (10th Cir. 2013)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotation marks and citation omitted).

"In conducting a qualified immunity analysis, ... courts must consider ... whether *each* defendant's alleged conduct violated the plaintiff's clearly established rights. Before a court may undertake the proper analysis, the complaint must isolate the allegedly unconstitutional acts of each defendant; otherwise the complaint does not provide adequate notice as to the nature of the claims against each and fails for this reason." *Matthews v. Bergdorf*, 889 F.3d 1136, 1144 (10th Cir. 2018)(quotation

removed, emphasis in original). The Tenth Circuit "explained that to state a viable § 1983 claim and overcome a qualified immunity defense, plaintiffs 'must establish that each defendant ... [violated] plaintiffs' clearly established constitutional rights.... *Plaintiffs must do more than show ... that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations.*'" *Id.* at 1145 (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013), emphasis contained in *Matthews*.).

*Matthews* built on a well-established doctrine in the Tenth Circuit that allegations against cumulative "defendants" do not state individual capacity claims. In *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011), the Court evaluated a claim where an inmate pled guilty to false imprisonment and served time in the correctional facility. When he was released, his probation officer directed him to register as a sex offender. The plaintiff sued to be removed from the sex offender registry and the sex offender section of the probation department; he prevailed. He then brought suit against the Secretary of Corrections and the probation officer in both their official capacities and their individual capacities. Among other rulings, the district court denied the Secretary's motion to dismiss. On appeal, the Tenth Circuit found that broad claims stated against groups of "defendants" did not establish individual capacity claims against the Secretary. The Court noted that only one paragraph identified the Secretary by name and held that the plaintiff needed to identify specific actions taken by particular defendants that could form the basis of a constitutional violation. In that holding, the Tenth Circuit relied on *Iqbal* for the proposition that

"it is particularly important that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. at 1163 (quotation removed).

A review of Plaintiff's Complaint illustrates a lack of allegations regarding the type of participation required to establish individual capacity liability for any claim. Plaintiff has identified the movants in paragraph 2 of the Complaint; they are never mentioned individually again. Plaintiff does make conclusory allegations that every defendant knew that Mr. Forlines was dangerous (¶14). That allegation is not only cumulative against everyone, but standing alone it in no way illustrates an individual capacity claim.

Here, just as in *Brown,* Plaintiff has provided only one paragraph actually mentioning the individual capacity defendants by name. *Complaint* at ¶2. This Complaint, just as was the case in *Brown*, "fails to isolate the allegedly unconstitutional acts of" the named defendants. *Id.* at 1165. For the same reasons expressed in *Brown,* the Plaintiff's Complaint fails to state a plausible claim against the individual capacity Defendants because it lacks any substantive allegations that the individual capacity Defendants took any individual act which deprived plaintiffs of a constitutional right or which constitutes a waiver under the New Mexico Tort Claims Act.

Not only does the Complaint not allege any specific conduct on the part of the individual capacity Defendants, it also fails to establish that any individual capacity

Defendants promulgated a defective policy, or that any individual capacity defendant acted with the requisite state of mind. In *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), the Tenth Circuit described the type of personal participation which must be alleged in the complaint to establish individual capacity claims based on policy. The Court explained that a plaintiff must demonstrate plausible allegations that:

> (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Id.* at 1199. See also, *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2013)(explaining that *Iqbal* raised the bar for what type of personal participation must be alleged against individual capacity supervisor defendants.)

The first element is absent in the present case because there are no plausible allegations regarding the requisite state of mind on the part of the individual capacity Defendants. This District has recognized that blanket assertions of policy without factual allegations to support them are formulaic and may not be used to establish policy-based claims against individual Defendants. See *Preston v County of Lincoln et al* 15-cv-1029-SMV-LAM (April 19, 2016) at *8 (noting that conclusory allegations of custom or policy supported by threadbare recitals of elements will not meet the burden of establishing a plausible claim against individual capacity defendants).

In sum, Plaintiff's Complaint contains no allegation which meets the Tenth Circuit's test for personal participation including: knowledge, policy making, deliberate indifference, and personal conduct. Therefore, the Complaint fails to state

an individual capacity claim against the named Defendants under either federal theories or state theories.

## II. THE OFFICIAL CAPACITY FEDERAL CLAIMS FAIL AS A MATTER OF LAW.

"An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir.1998). In other words, "[o]fficial capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky*, 473 U.S. at 165 (quoting *Monell,* 436 U.S. at 690 and citing *Brandon v. Holt*, 469 U.S. 464, 469 U.S. at 471-72). Consequently, when local officials are sued in their official capacities, the lawsuit is treated as a suit against the local governmental entity which employs the local officials. *See Vialpando v. Ritter*, 52 F.3d 339 (10th Cir. 1995).

NMSA § 4-46-1 requires that all claims against the County be brought against the board of county commissioners of that county. *See generally Angel v Torrance County Sheriff, et al* (DNM 8/23/2005 Black); *Lamendola v. Taos County Sheriff's Office*, DNM CIV 18-163-KBM-SCY (September 09, 2018); *see also Mayer v. Bernalillo County et al*, CIV 18-666-JB-SCY. This line of cases follows guidance from the Tenth Circuit and others. See *Bristol v. Bd. of County Com'rs of County of Clear Creek*, 312 F.3D 1213; *Lundquist v. Univ. of S. Dakota Sanford Sch. of Med.*, 705 F.3d 378, 380 (8th Cir. 2013); *United States v. City of New York*, 683 F. Supp. 2d 225; *United States v. City of New York*, 683 F. Supp. 2d 225, 243–44 (E.D.N.Y. 2010)(vacated on other grounds). Thus, if an official capacity suit is merely another way of suing a county, NMSA § 4-46-1 and Rule 17 require that the claim be against the Board and not against an individual in their official capacity. Accordingly, under the law of this Circuit and prior holdings of this District and this Court, no official capacity claim can be maintained against the individual defendants in their

official capacities. Thus, the Plaintiff has failed to state a plausible claim against the Movants because no claim may stand against them in their official capacities; therefore, the claims against them should be dismissed under federal Rule 12(b)(6). In the alternative, the Plaintiff has failed to illustrate personal jurisdiction over a legally unavailable defendant (with respect to the official capacity claims) and the claims against the Movants should be dismissed under 12(b)(2). *See generally Gonzales v. Martinez*, 403 F.3d 1179, fn7 (10th Cir. 2005)(discussing the lack of jurisdiction under a similar state statute to NMSA 4-46-1).

## III. THE COMPLAINT FAILS TO ILLUSTRATE AN UNCONSTITUTIONAL COUNTY POLICY; THEREFORE, THE *MONELL* THEORY FAILS.

Even if Plaintiff could sue the individual capacity defendants in their official capacity, or if he sought leave to amend to bring a new claim against the Board, Plaintiff's *Monell* (official capacity) theory fails to state a plausible claim for relief and should be dismissed under Rule 12(b)(6).

In the Tenth Circuit, in order to state a municipal liability claim "plaintiff must identify a government's policy or custom that caused the injury. In later cases, the Supreme Court required a plaintiff to show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). More specifically, the elements of a *Monell* theory claim are: " (1) official policy or custom, (2) causation, and (3) state of mind." *Id.*

Here, the plaintiff has made no mention of any policy whatsoever. The absence of any policy or municipal conduct precludes any official capacity federal claims.

## IV. WITH RESPECT TO THE MOVANTS, PLAINTIFF'S STATE CLAIM IS BARRED BY THE ARGUMENTS MADE ABOVE AND THE *ERIE* DOCTRINE.

With respect to Plaintiff's state law claims, federal courts have held that the pleading standards described herein are procedural in nature, as opposed to substantive law, therefore, under the *Erie* doctrine, the federal pleading standards apply equally to state claims as they would to federal claims. *See generally Gaytan v. New Mexico,* No. 19-CV-0778 SMV/KRS, 2021 WL 1634383, at *2, n4 (D.N.M. Apr. 27, 2021). *See also Grasshopper Nat. Med., LLC v. Hartford Cas. Ins. Co.*, No. CIV 15-0338 JB/CEG, 2016 WL 4009834, at *30 (D.N.M. July 7, 2016) (finding that it was "uncontestable" that the federal pleading standard applied, even on state claims).

As such, the *Iqbal* plausibility test and the application of Rule 17 apply equally to Plaintiff's state law claims against the Movants. Therefore, the state claims fail for the same reasons the federal law claims fail.

## CONCLUSION

Plaintiff has named eight individuals without asserting any negligent or unconstitutional act by any one of them. Thus, his claim fails as a matter of law. To the extent he has brought individual capacity claims, those claims fail for want of a single particularized allegation. Similarly, the Plaintiff's Complaint fails to illustrate a violation of clearly established law. To the extent that that he has brought official capacity claims, those claims fail under operation of law (based on 4-46-1) and the failure to allege policy based claims. The state claims fail for the same reasons. Thus, the Movants should be dismissed with prejudice.

WHEREFORE, the Movants hereby respectfully request dismissal from this suit with prejudice. In the alternative, the Movants request qualified immunity from suit under both prongs of the qualified immunity test.

Respectfully Submitted,

NEW MEXICO ASSOCIATION OF COUNTIES

/s/ *Brandon Huss*
BRANDON HUSS
DAVID ROMAN
111 Lomas Blvd. Ste. 424
Albuquerque, New Mexico 87102
(505) 820-8116
bhuss@nmcounties.org
droman@nmcounties.org
*Attorneys for Defendants Ingram, Voldahl, Melton, Ponce, Edeal, Franco, and Dewey*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served electronically, as more fully reflected on the Notice of Electronic Filing.

/s/ *Brandon Huss*
Brandon Huss