# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ARTURO ALCANTAR,

    Plaintiff,

v.                                                                                Case No. 2:22-cv-00164-MLG-SCY

LIEUTENANT MICHAEL INGRAM,
SERGEANT FELICIA VOLDAHL,
SERGEANT ANTHONY PONCE,
SERGEANT THOMAS EDEAL,
SERGEANT KENNETH DEWEY,
*personally and in their official
capacities at the Eddy County
Detention Center*,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

Plaintiff Arturo Alcantar, an inmate at the Eddy County Detention Center in Carlsbad, New Mexico, was battered by a cellmate in one of the facility's common areas. Doc. 1-2 ¶¶ 3, 10-11. He suffered severe pain, damage to his vision, and post-traumatic stress syndrome as a result. *Id.* ¶¶ 13, 18. Alcantar filed suit alleging constitutional claims against eight detention center employees. *See generally id.* Seven of the individual defendants moved to dismiss all claims against them, asserting that the complaint failed to allege individual wrongs—necessitating dismissal of the personal-capacity claims—and did not outline any constitutionally-defective policy—necessitating dismissal of the official-capacity claims also. Doc. 2 at 2. They also invoked qualified immunity. *Id.* The presiding judge at the time, the Honorable James O. Browning, held a hearing on the motion and stated that he was inclined to grant the motion but would provide Alcantar "with an opportunity to re-plead [the] claims to provide more specificity." Doc. 13 at 1.

1

Alcantar availed himself of this permission and submitted an amended complaint.[1] Doc. 14.[2] However, Alcantar's newly filed pleading still lacks the requisite factual predicate necessary to sustain his claims. Seizing on those deficiencies, the remaining five defendants again move to dismiss the case against them. Doc. 17. Alcantar's counsel, Roxanne R. Rodriguez and Dick A. Blenden, notified the Court that the parties had agreed on an extension of time for them to file a response to Defendants' motion. Doc. 19. However, that deadline was not met, and no response has been filed on Alcantar's behalf. This omission is troubling given that his counsel has not withdrawn from the case.[3]

While this Court is duty bound to assess the pending motion based on the existing pleadings, it cannot be determined whether Alcantar's case is meritorious. The pleadings are lacking, and counsel have apparently abandoned their role as advocates. As it stands, all that can be said is that the pending amended complaint does not state a viable claim for relief. Accordingly, as discussed in detail below, the Court grants Defendants Ingram, Voldahl, Ponce, Edeal, and Dewey's motion. Doc. 17.

---

[1] Three of the original eight defendants—Sergeant Dustin Sullivan, Sergeant Michael Melton, and Corporal Franco—were omitted from the amended pleading. Doc. 14 at 1; see also Doc. 13 at 1 (clerk's minutes in which parties stipulate to dismissal of defendants not served).

[2] Notwithstanding the filing of an amended complaint, which mooted the initial motion to dismiss, Judge Browning filed an order disposing of the initial motion to dismiss. Doc. 16. In a footnote, Judge Browning stated that "[t]he Court will issue at a later date, however, a Memorandum Opinion more fully detailed its rationale for this decision." *Id.* at 1 n.1. This Court finds that because the initial motion is moot, a more detailed rationale addressing it is not necessary. Therefore, no Memorandum Opinion addressing the initial motion to dismiss, Doc. 2, is forthcoming, and this Memorandum Opinion and Order granting the motion to dismiss the amended complaint, Doc. 17, disposes fully of the case.

[3] Rodriguez has submitted other filings to the Court during the relevant timeframe including a notice of name change. Doc. 21.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs dismissal of a complaint for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Doe v. Woodard*, 912 F.3d 1278 (10th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a standard that demands more than a mere possibility that the defendant violated the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In ruling on a motion to dismiss for failure to state a claim, all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true, and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) (alterations and internal quotation marks omitted).

**ANALYSIS**

Defendants' Motion to Dismiss in Lieu of an Answer ("Motion to Dismiss") raises two arguments: that the official capacity claims should be dismissed because they are filed against the wrong entity, Doc. 17 at 3-4, and that the personal capacity claims should be dismissed because they do not specify the wrongdoing of particular individual defendants. *Id.* at 5-10. As discussed above, Alcantar has not submitted a response, and the local rules suggest that the Court would be authorized to rule, *ipso facto*, that the Defendants' motion should be granted. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). However, the Tenth Circuit has instructed district courts to consider the substance of the pending claims notwithstanding the lack

of a response. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (holding "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted"). Therefore, in accordance with this directive, the Court will consider Defendants' motion in light of the allegations proffered in Alcantar's amended complaint.

## I.     Official Capacity Claims

Defendants first argue that the official capacity claims fail as a matter of law because they are in effect suits against Eddy County, and all claims against Eddy County must be brought against its Board of Commissioners pursuant to NMSA 1978, § 4-46-1 (1953).[4] Doc. 17 at 3. Their position is consistent with controlling legal authority. Under New Mexico law, suits against counties must proceed against the board of commissioners of the county.[5] Section 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county[.]"). Per this legal directive, Alcantar's official capacity claims—which are targeted at individual detention center employees—do not suffice. And although the Court would normally allow parties to remedy such technical deficiencies, Alcantar had that opportunity and still did not fix the issue. Indeed, although Alcantar admitted

---

[4] This argument is familiar as the Defendants raised the same issue in their earlier motion to dismiss. *See* Doc. 2 at 7. Alcantar conceded the point and requested leave to amend his pleading to name the Board of County Commissioners for Eddy County ("Board") as a defendant. Doc. 5 at 3. However, Alcantar did not correct the error; his amended complaint does not include this change. *See generally* Doc. 14.

[5] Questions of capacity to sue and be sued are to be resolved using the law of the state where the court is located. *See Lamendola v. Taos Cnty. Sheriff's Off.*, 338 F. Supp. 3d 1244, 1245 (D.N.M. 2018).

that he had "overlooked" the inclusion of "the governing body as a Defendant," he left the matter unaddressed when he amended his complaint. Doc. 5 at 3. That omission is dispositive and, given the procedural posture of this matter, dismissal of Alcantar's claims against Eddy County is warranted.[6]

## II. Personal Capacity Claims

Defendants next argue that the claims against them in their personal capacities are not pled with sufficient specificity. Doc. 17 at 5-10. The amended complaint indicates that Alcantar sought a transfer out of his shared cell due to fear of his cellmate, and that the individual Defendants unreasonably ignored his requests. Doc. 14 at 2 ¶¶ 8-12. Alcantar further alleges that Defendants were aware of the danger the cellmate posed to Alcantar and that they all knew "that if [Alcantar] was moved, [the cellmate] would be mad at [Alcantar] for getting out of his cell and would likely be a danger to [Alcantar]." *Id.* at 4 ¶ 13. Alcantar was moved, and on the same day, the alleged assault took place in a common area. *Id.* at 4 ¶¶ 14, 15. Based on these assertions, Alcantar claims Defendants "actively fail[ed] to protect him from harm" in violation of the Fifth, Eighth, and Fourteenth Amendments, *id.* at 6; that the individual Defendants violated Alcantar's substantive due process rights, *id.* at 7; and that their conduct violated Alcantar's state constitutional and common law rights. *Id.* at 7-8.

While Alcantar's amended complaint lays out a generalized wrong, it omits many of the facts necessary to sustain 42 U.S.C. § 1983 claims. Alcantar does not allege that any of Defendants possessed authority to move Alcantar to a different cell; it provides no information about any individual Defendant's scope of employment responsibility or how that responsibility might have

---

[6] Because it dismisses the official capacity claims on this ground, the Court does not reach Defendants' arguments regarding governmental policy or custom. *See* Doc. 17 at 4-5.

5

been used to prevent harm. It does not allege that any Defendants were aware that Alcantar was ultimately transferred to a different cell. It does not allege that any Defendants were working the day of the altercation or could have put protections in place in the common area where the altercation took place. These omissions fail to bridge the gap between inchoate allegations of harm and the kind of averments necessary to state viable damages claims for civil rights violations.

For example, a plaintiff claiming Eighth Amendment violations based on deliberate indifference (as Alcantar does here) requires a plausible showing that public officials knew of and disregarded an excessive risk to inmate health or safety. *Est. of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1262-63 (10th Cir. 2022). Although Alcantar's amended complaint asserts the individual Defendants were aware of the risk posed by other inmates, it does not provide sufficient facts to support a plausible allegation that the individual Defendants disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Further, the amended complaint is absent of any allegations indicating Defendants had authority to mitigate the risk to Alcantar but failed to do so. Accordingly, Alcantar has failed to provide a sufficient basis to support his claims for Eighth Amendment violations.

Alcantar's claims of substantive due process violations are similarly lacking. Under this body of law, "to survive a challenge at the Rule 12(b)(6) pleading phase, a plaintiff must have pleaded sufficient facts in his complaint from which a court may draw a plausible inference that a defendant acted with conscience-shocking deliberate indifference." *Doe v. Heil*, 533 F. App'x 831, 845 (10th Cir. 2013). Again, without sufficient information regarding Defendants' responsibilities, actions, and omissions and how those matters contributed to the battery at issue, the Court is without sufficient grounds to characterize the individual Defendants' conduct as "conscience-shocking."

Finally, Alcantar claims that his rights under Article II, Sections 10 and 18 of the New Mexico Constitution were violated and that Defendants were negligent under New Mexico common law. Doc. 14 at 8 ¶ 37. In a civil action in which the district court has original jurisdiction—such as a federal constitutional case like the one at hand, 28 U.S.C. § 1331—a district court "may decline to exercise supplemental jurisdiction over" state law claims so related to the federal civil action if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). Because the Court has granted dismissal of all federal claims, it declines to exercise supplemental jurisdiction over the remaining state claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[7]

## CONCLUSION

In short, the amended complaint does not allege factual content that allows the Court to draw the reasonable inference that Defendants have violated the law. A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. The allegations in Alcantar's amended complaint certainly raise the possibility of wrongdoing, but without additional factual allegations, they do not rise to the level of plausibility.[8]

---

[7] The Court notes the period of limitations for this case has been "tolled while the claim is pending" and will continue to be tolled "for a period of 30 days after it is dismissed unless [New Mexico] law provides for a longer tolling period." 28 U.S.C. § 1367(d). As such, Alcantar will be afforded another opportunity to address his claims in state court.

[8] Defendants raise qualified immunity as a defense. *See* Doc. 17 at 6. However, in the absence of a finding of *any* plausible allegations of wrongdoing, the Court does not reach the question of whether any relevant laws were clearly established.

Accordingly, the Court grants Defendants' Motion to Dismiss. Doc. 17. The federal claims are dismissed with prejudice, and the state claims are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA